UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:11CV-428-H

**VIVIAN JANET BOWMAN**                                              **PLAINTIFF**

v.

**DAVID FEGETT** *et al*.                                                  **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff commenced this action against the Elizabethtown City Police Department and one of its officers, David Fegett. Along with her complaint, Plaintiff also filed an application to proceed without prepayment of filing fees (DN 3). Plaintiff's application makes the requisite showing under 28 U.S.C. § 1915(a). Her application is, therefore, **GRANTED**.

Because Plaintiff is proceeding *in forma pauperis*, this Court is required to screen the complaint "before process is served." *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997) (referencing 28 U.S.C. § 1915(e)(2)). This statute requires the Court to dismiss any claims that it determines are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from relief. *Id*. For the reasons, set forth below, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e) because it fails to state any claim on which relief may be granted and is frivolous.

**I.**

A *pro se* complaint should be held to a "less stringent standard" than one drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even a *pro se* complaint, however, must plead facts sufficient to show that a legal wrong has been committed for which the plaintiff may be granted relief.

Federal Rule of Civil Procedure 8(a)(2) states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 is fairly liberal in its requirements, "it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, -- U.S.--, 129 S. Ct. 1937, 1950 (2009). While Rule 8 does not require a plaintiff to include every minute detail that makes up her claim, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* at 1949.

"A plaintiff's obligation to provide the 'grounds' of her 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1950 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* The first step requires the Court to identify allegations that "because they are no more than [legal] conclusions, are not entitled to the assumption of truth." *Id.* The Court is then left with factual allegations. The Court must presume the factual allegations are true, but its inquiry does not end at this point. The Court must go one step further and determine whether the facts state a claim that is plausible. "Plausibility requires showing more than the 'sheer possibility' of relief but less than a 'probab[le]' entitlement to relief." *Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1949). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1949.

"Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief." *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). "The *in forma pauperis* statute, unlike Rule 12(b)(6), 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.' 'Examples of the latter class,' we said, 'are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" *Denton*, 504 U.S. at 32 (internal citations omitted). "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

## II.

Bowman handwrote her complaint on a court-supplied general complaint form. In the section of the form complaint asking her to provide the grounds for filing this case in federal court, she states "citizen violations of constitutional civil rights." She states that on July 23, 2011, she called the Elizabethtown Police Department to report a theft from her apartment. She states that when Defendant Fegett arrived he saw her personal handgun and proceeded to verbally berate her because she owned the gun. Bowman states that she found his "lies and false accusations" to be "very offensive."

Plaintiff then goes on to allege that "the Elizabethtown City Police is in the red light district of Elizabethtown–because the Police act as prostitutes and they teach their children to be prostitutes." Although not entirely clear, this allegation appears to stem from Plaintiff's belief

3

that her nephew was involved in an inappropriate relationship with the daughter of a policeman.

Even accepting as true Plaintiff's allegation that Defendant Fegett verbally abused her, she has failed to state a claim for the violation of her civil rights. While verbal abuse by state officials, like police officials, is not condoned, it by itself does not violate the Constitution. *See Johnson v. Dellatifa,* 357 F.3d 539, 546 (6th Cir. 2004); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). The Court is required to dismiss the allegations of non-physical harassment for failure to state a claim upon which relief can be granted.

The remainder of Plaintiff's allegations are the type of claims which should be dismissed because they rise to the level of the irrational and the paranoid. *See Prewitt v. United States Postal Serv.*, 754 F.2d 641, 641 (5th Cir. 1985) ("[W]e stand at the gate of the realms of fantasy. We decline to enter in.").

The Court will enter a separate Order dismissing Plaintiff's claims against Defendants for failure to state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

Date:

cc: Plaintiff, *pro se*

4412.008

4